# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

AUGUST VELASQUEZ,

    Plaintiff,

v.                                                                                                                          No. 2:24-cv-01162-MIS-JHR

ALISHA TAFOYA LUCERO, Secretary New Mexico Corrections Department (NMCD), in her individual capacity; HOPE SALAZAR, NMCD Director Office Of Inspector General, in her individual capacity; WENCE ASONGANYI, NMCD Health Services Administrator, in his individual capacity; ORION STRADFORD, NMCD Bureau Chief, in his individual capacity; ED SMITH, NMCD Director of Administrative Services, in his individual capacity MARK LOVATO, NMCD General Counsel, in his individual capacity; JEANNETTE CHAVEZ, Risk Management Director, New Mexico Risk Management Division (RMD), in her individual capacity; WEXFORD HEALTH SOURCES, INC.; JOE EBBITT, Wexford Director of Risk Management, HIPAA, and Legal Affairs Wexford Health, in his individual capacity and official capacity; MICHAEL HILDENBRANDT, Wexford Director of Operations, in his individual capacity and official capacity; LEANNE FUDOR, Wexford Director Utilization Management, in her individual capacity and official capacity; KATHRYN KEIM, Wexford Health Services Administrator, in her individual capacity and official capacity; LORENZO TORRES, Wexford Health Services Administrator, in his individual capacity and official capacity; ASTEN PACELLIO, Wexford Risk Manager, in her individual capacity and official capacity; ELAINE J. GEDMAN, Wexford Executive Vice President and Chief Administrative Officer, in her individual capacity and official capacity; DR. KESHAB PAUDEL, Wexford Regional Medical Director, in his individual capacity and official capacity; SARAH CARTWRIGHT, Wexford Regional Director of Nursing, in her individual capacity and official capacity; LYNNSEY VIGIL, Wexford Utilization Management Coordinator, in her individual capacity and official capacity; AISTE CHAMBLIN, CNP, in her individual capacity and official capacity; DWAYNE

SANTISTEVAN, Warden of the Lea County Correctional Facility, in his individual capacity; and RONALD MARTINEZ, Warden of the Lea County Correctional Facility, in his individual capacity, and GEO Group Inc.,

Defendants.

## ORDER GRANTING DEFENDANTS EBBITT'S AND FUDOR'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION

**THIS MATTER** is before the Court on Defendant Joe Ebbit's and Defendant Leanna Fudor's ("Defendants") Motion to Dismiss for Lack of Personal Jurisdiction ("Motion"), filed October 21, 2025. ECF No. 20. Plaintiff August Velasquez ("Plaintiff") did not file a Response.

Pursuant to the Local Rules of this District, "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).[1]

Although the Tenth Circuit Court of Appeals has held that "a district court may not grant a motion to dismiss *for failure to state a claim* merely because a party failed to file a response[,]" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (emphasis added) (citation modified), the Court has not found any binding authority holding that a district court may not grant a motion to dismiss *for lack or personal jurisdiction* pursuant to a court's local rules for the plaintiff's failure to respond to the motion. Indeed, the Tenth Circuit has affirmed non-merits-based dismissals

---

[1] Deadlines to file responses and replies "may be extended by agreement of all parties. For each agreed extension, the party requesting the extension *must* file a notice identifying the new deadline and the document (response or reply) to be filed." D.N.M.LR-Civ 7.4(a) (emphasis added). Implicit in this rule is that the Notice "must" be filed *before* the original filing deadline. Here, Plaintiff did not file a notice stating that the Parties agreed to an extension of the deadline to file a response, and any notice of agreed-upon extension filed at this stage would be untimely. *See* Order Denying County Defs.' Unopposed Mot. to Vacate Order Striking Defs.' Reply to Pls.' Resp. to County Defs.' Mot. for Summ. J., *Alexander v. Lopez*, Case No. 2:24-cv-00618-MIS-GBW, ECF No. 39 (D.N.M. Apr. 30, 2025) (denying motion to "vacate" order striking reply as untimely where the defendants filed a notice of agreed-upon extension of the reply deadline *after* the Court issued its Order striking the reply as untimely).

based on the application of local rules permitting district courts to grant motions as uncontested following a party's failure to respond. *See Lopez v. Cantex Health Care Ctrs. II, LLC*, No. 23-2038, 2023 WL 7321637, at *4-5 (10th Cir. Nov. 7, 2023) (affirming order granting motions to remand as unopposed pursuant to Local Rule 7.1, because "a remand order is not a merits disposition because the case will continue in state court"); *Parker v. Comm'r, SSA*, 845 F. App'x 786, 787-88 (10th Cir. 2021) (affirming Rule 12(b)(1) dismissal for lack of jurisdiction).

Because dismissal for lack of personal jurisdiction is not a merits-based dismissal, *see Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (observing that "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims"), the Court will grant the motion to dismiss under Local Rule 7.1(b) for Plaintiff's failure to file a response.

Accordingly, it is **HEREBY ORDERED** that Defendants Ebbit's and Fudor's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 20, is **GRANTED**, and the claims against Ebbit and Fudor are **DISMISSED WITHOUT PREJUDICE**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE